UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN BARNARD HICKS,

        Petitioner,

v.

Case Number 20-10106
Honorable David M. Lawson

GREG SKIPPER, WARDEN,

        Respondent.

_____/

# **OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE**

Petitioner Kevin Barnard Hicks, a prisoner currently confined at the Michigan Reformatory in Ionia, Michigan, has filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. He raises three grounds for relief but acknowledges that none of them were presented to the state court. Because Hicks has sufficient time to return to state court and present those claims before the statute of limitations expires on his right to file a habeas corpus petition, the Court will dismiss this petition without prejudice.

I.

Hicks was convicted of one count of carjacking, Mich. Comp. Law § 750.529a, and two counts of armed robbery, Mich. Comp. Law § 750.529, following a bench trial in the Wayne County, Michigan circuit court. He was sentenced to a substantial prison term on December 20, 2016. Hicks filed a direct appeal in the Michigan Court of Appeals. In that appeal, he raised three theories of ineffective assistance of trial counsel, challenged his waiver of his jury trial right, and asserted that his sentence was unreasonable and improperly enhanced under Michigan's habitual offender enhancement statute. *People v. Hicks*, No. 336702, 2018 WL 6422099 (Mich. Ct. App.

Dec. 6, 2018). The Michigan Court of Appeals denied relief and the state supreme court denied leave to appeal. *Ibid.*; 504 Mich. 996, 934 N.W.2d 229 (2019).

None of the issues raised in the petitioner's direct appeal appear in the petition for habeas corpus. Instead, the petitioner's grounds for habeas relief are that his bond was excessive, he was held in jail for over six months awaiting trial, and "the state violated [the] U.S. constitution[] and . . . denied my right to the equal protection of the laws." Pet., ECF No. 1, PageID.5-8. The petitioner states he did not raise these issues or present them to the highest state court, because he believed that only the federal courts had jurisdiction over the subject matter. *Id*. at PageID.12.

II.

Hicks mailed his habeas corpus petition on January 13, 2020. When a prisoner files a petition for habeas corpus, the Court must undertake a preliminary review to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see also* 28 U.S.C. § 2243. If, after preliminary consideration of the petition and including any annexed exhibits, the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition. Rule 4, Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254; *McFarland v. Scott,* 512 U.S. 849, 856 (1994); *Carson v. Burke,* 178 F.3d 434, 436 (6th Cir. 1999); *see also Allen v. Perini,* 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). No response to a habeas petition is necessary when the petition is frivolous, obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a response from the State. *See Allen,* 424 F.2d at 141; *Robinson v. Jackson,* 366 F. Supp. 2d 524, 525 (E.D. Mich. 2005).

It is well-settled that a state prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254 must first exhaust all state court remedies. 28 U.S.C. § 2254(b)(1)(A), (c). The exhaustion doctrine requires state prisoners to "fairly present" their claims as federal constitutional issues in the state courts before raising those claims in a federal habeas corpus petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *McMeans v. Brigano*, 228 F.3d 674, 680-81 (6th Cir. 2000); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). The exhaustion requirement is satisfied if a prisoner invokes one complete round of the state's established appellate review process, including a petition for discretionary review to a state supreme court. *See O'Sullivan*, 526 U.S. at 845, 847. A prisoner "'fairly presents' his claim to the state courts by citing a portion of the Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns." *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993); *see also Prather v. Rees*, 822 F.2d 1418, 1420 (6th Cir. 1987) ("Ordinarily, the state courts must have had the opportunity to pass on defendant's claims of constitutional violations"). A Michigan petitioner must present each ground to both Michigan appellate courts before seeking federal habeas corpus relief. *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Mohn v. Bock*, 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The petitioner bears the burden of showing that his state court remedies have been exhausted. *Rust*, 17 F.3d at 160.

Hicks has not carried that burden. He expressly states that he did not present any of his three habeas claims to the "highest state court" before seeking federal habeas corpus relief, because he believed that only the federal courts had jurisdiction over the subject matter. Pet., ECF No. 1, PageID.12. A thorough review of the habeas corpus petition and the Michigan Court of Appeals's decision reveals that none of the issues raised in the state court appear in the petition, and none of

Hicks's grounds for habeas relief appear in the state court's decision denying his direct appeal. Hicks has not exhausted any of his claims for habeas relief in the petition before the Court.

Sometimes a habeas corpus petition may be held in abeyance while the petitioner returns to state court. For instance, when a habeas petition raising both exhausted and unexhausted claims is filed here, we sometimes hold that petition in abeyance while the prisoner completes his tasks in the state courts on the unexhausted claims. *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005). But here, a stay is neither necessary nor appropriate. Hicks has not requested a stay, and he has not asserted that his circumstances justify a one. And Hicks has sufficient time remaining on his limitations period to exhaust his state court remedies on the claims he wishes to raise in this Court.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), codified at 28 U.S.C. § 2241 *et seq.*, amended 28 U.S.C. § 2244 to include a one-year period of limitations for habeas petitions brought by prisoners challenging state court judgments. *See Froman v. Brigano*, 346 F.3d 598, 601 (6th Cir. 2003). The one-year statute of limitations runs from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such a review. 28 U.S.C. § 2244(d)(1)(A). A habeas corpus petition filed outside the time period prescribed by this section must be dismissed. *Isham v. Randle*, 226 F.3d 691, 694 (6th Cir. 2000) (case filed thirteen days after the limitations period expired dismissed for failure to comply), *abrogated on other grounds by Abela v. Martin*, 348 F.3d 164, 172 (6th Cir. 2003) (en banc).

Hicks's conviction in this case became final on January 27, 2020, ninety days after the Michigan Supreme Court denied the petitioner leave to appeal, when the time for filing a petition for a writ certiorari in the Supreme Court expired. *See Bronaugh v. Ohio*, 235 F.3d 280, 284 (6th Cir. 2000). The Supreme Court has held that the filing of a federal habeas corpus petition does not suspend the running of the one-year limitations period under 28 U.S.C. § 2244(d)(2). *Duncan*

*v. Walker*, 533 U.S. 167, 181–82 (2001). At this point, however, Hicks has nearly ten months remaining before the statute of limitations expires.

The limitations period is tolled during the pendency of a "properly filed" motion for state post-conviction or collateral review. 28 U.S.C. § 2244(d)(2). Therefore, if Hicks promptly and properly initiates his state court post-conviction proceedings, he should have sufficient time after the conclusion of those proceedings in the state courts to file his new habeas corpus petition timely in a federal district court. Because it appears that Hicks has sufficient time to exhaust his state court remedies within the statutory period, there is no need to hold the present petition in abeyance.

The Michigan Court Rules outline the process for those state post-conviction proceedings, by which Hicks may raise his unexhausted claims in state court on collateral review. He may file a motion for relief from judgment pursuant to Michigan Court Rule 6.500 *et seq*., which allows the trial court to appoint counsel, seek a response from the prosecutor, expand the record, permit oral argument, and conduct an evidentiary hearing on Hicks's claims. He must appeal the trial court's disposition of his motion for relief from judgment to the Michigan Court of Appeals and Michigan Supreme Court, and he may thereafter file a petition for writ of certiorari in the United States Supreme Court. To obtain relief in state court, he will have to show cause for failing to raise his unexhausted claims on direct review and resulting prejudice or a significant possibility of innocence. *See* Mich. Ct. R. 6.508(D)(3). However, he would have to make a similar showing here if the Court concluded that there was no state remedy to exhaust. *Gray v. Netherland*, 518 U.S. 152, 161–62 (1996); *Hannah v. Conley*, 49 F.3d 1193, 1195–96 & n. 3 (6th Cir. 1995); *Rust*, 17 F.3d at 160. Hicks's unexhausted claims should be addressed to, and considered by, the state courts in the first instance so the state court will have an opportunity to decide whether he has established "cause" for his failure to present this claim on direct review

III.

Hicks did not exhaust in state court the claims he wants the Court to decide, as outlined in this petition for a writ of habeas corpus.

Accordingly, it is **ORDERED** that Hicks's amended petition for a writ of habeas corpus (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated: April 3, 2020