UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN BARNARD HICKS,

           Petitioner,                      Case Number 20-10106

v.                                                   Honorable David M. Lawson

GREG SKIPPER, WARDEN,

           Respondent.

_____/

## ORDER DENYING CERTIFICATE OF APPEALABILITY

The petitioner filed a motion under 28 U.S.C. § 2254 on January 15, 2020. On April 3, 2020, the Court issued an opinion and order denying the motion without prejudice because the petitioner never exhausted his claims for relief with the state courts and has sufficient time to do so before the statute of limitations expires on his right to file a habeas corpus petition.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts:

> The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts.

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Courts must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997). To receive a certificate of

appealability, "a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotes and citations omitted).

The Court concluded that the petition must be dismissed without prejudice because the petitioner never presented his claims to the state courts in the first instance. The Court now finds that reasonable jurists could not debate the Court's conclusion that it lacked jurisdiction to address the petitioner's unexhausted claims.

Accordingly, it is **ORDERED** that a certificate of appealability is **DENIED**.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated: April 3, 2020